# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Maurice Ware,<br>Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>Respondents. | No. CV-16-02838-PHX-SRB<br>**ORDER** |

Petitioner was convicted pursuant to a guilty plea of Conspiracy to Commit First Degree Murder and was sentenced to life imprisonment without the possibility of release for 25 years on November 2, 2007. He filed a state court Petition for Post-Conviction Relief on July 7, 2011, which was dismissed as untimely. Petitioner filed this Petition for Writ of Habeas Corpus in August 2016 alleging several grounds for relief. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed with prejudice because the one-year statute of limitations established by 28 U.S.C. § 2254(d) expired on January 31, 2009, and Petitioner had not shown any basis for statutory tolling, equitable tolling or actual innocence to avoid the effects of his delay.

Petitioner filed Objections to the Report and Recommendation and Respondents filed a Response to the Objections. Petitioner does not object to the finding that his Petition was filed after the expiration of the statute of limitations but seems to object to the finding that there is no equitable tolling claiming he "filed his Rule 32 as soon as he was able to do so." (Doc. 26, Objections to Magistrate's Recommendation at 1.)

Petitioner argues that the one-year statute of limitations should have begun to run on November 3, 2015, the date the Arizona state court issued its mandate. The reasons Petitioner claimed he was not able to file his Rule 32 Petition in state court are claims of interference by the state in his access to the court but neither in his Petition nor in his Objections does he explain how it was that he was unable to file his state Petition for Post-Conviction Relief for almost four years after his conviction became final. In his reply in support of his Petition Petitioner alleges only an inability to diligently research his case because of restrictions on access to legal materials in the Arizona Department of Corrections. All of the excuses offered by Petitioner concern the late filing of his state court petition. That petition was dismissed as untimely. The Arizona Court of Appeals granted review of the state court's dismissal and agreed that the claims were time barred and precluded. The Arizona Supreme Court summarily denied review. Petitioner presents nothing here arguably new or different from what he presented to the state court, which found his Post-Conviction Relief untimely and his claims precluded. He cannot avoid the federal statute of limitations by attempting to re-litigate this issue.

The Court agrees with the Magistrate Judge that Petitioner failed to show that extraordinary circumstances precluded him from timely filing his federal habeas petition or that he acted diligently in filing his federal habeas petition in light of his circumstances. Moreover, Petitioner's statement that he maintains his actual innocence is not evidence of actual innocence and also cannot support a claim for equitable tolling.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 25)

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

///

///

IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 2nd day of August, 2017.

_____
Susan R. Bolton
United States District Judge